

# United States Tax Court
Washington, DC 20217

DOUGLASS W. PEGUES,

      Petitioner

      v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent

Docket No. 15059-19

## <u>ORDER</u>

Pursuant to Rule 152(b), Tax Court Rules of Practice and Procedure, it is

ORDERED that the Clerk of the Court shall transmit herewith to petitioner and to respondent a copy of the pages of the transcript of the trial in the above captioned case before Judge Christian N. Weiler at Memphis, Tennessee on April 6, 2022, containing his oral findings of fact and opinion rendered at the trial session at which the case was heard.

In accordance with the oral findings of fact and opinion, decision will be entered for respondent.

                **(Signed) Christian N. Weiler**
                **Judge**

**Served 04/27/22**

Bench Opinion by Judge Christian N. Weiler

April 6, 2022

Douglass W. Pegues v. Commissioner

Docket No. 15059-19

THE COURT: This Court has decided to render oral findings of fact and opinion in this case, and the following represents the Court's oral findings of fact and opinion. The oral findings of fact and opinion shall not be relied upon as precedent in any other case.

This bench opinion is made pursuant to the authority granted by I.R.C. § 7459(b) of the Internal Revenue Code of 1986, as amended, and Rule 152 of the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Douglass W. Pegues, petitioner, resided in Alabama at the time his petition was filed; however, he resided in Tennessee at the time of trial and appeared at trial pro se. *Rebecca R. Loveday* appeared on behalf of the Commissioner of Internal Revenue, respondent.

This case arises from a notice of deficiency dated May 13, 2019, issued to petitioner proposing an increase in tax (or tax deficiency) of $1,055 for the 2016

tax year. The notice of deficiency makes two adjustments to petitioner's tax return, namely (1) an increase in taxable retirement income by $20,000 and (2) additional taxable interest income by $23.

Petitioner timely filed his petition with the Tax Court on August 14, 2019, disputing only the proposed adjustment to include additional taxable retirement income. In his petition, and at trial, petitioner did not dispute the adjustment to include taxable interest income. Therefore, the sole issue for decision by the Court is whether petitioner had unreported taxable retirement income for 2016.

*Findings of Fact*

The parties did not file a stipulation of facts prior to trial. At trial respondent moved to enter six exhibits which were admitted by the Court without objection from petitioner. On July 2, 2021, respondent filed with the Court and served on petitioner, requests for admissions under Rule 90. Petitioner failed to file a response to respondent's requests for admissions, and therefore under Rule 90 these requests are deemed admitted and conclusively established. The facts of this case are not in dispute.

Petitioner elected to receive a distribution from his employer retirement plan, State Street Retiree



Services/Boeing Voluntary Investment Plan (Boeing), in the amount of $45,000 in 2016. Utilizing a portion of the elected distribution, petitioner also made a qualifying partial rollover of $25,000. Boeing withheld federal and state taxes and made a net distribution to petitioner.

Boeing issued petitioner a Form 1099-R which reflected a gross retirement distribution of $45,000 during 2016. The Form 1099-R indicated that Boeing withheld $9,000 in federal taxes and $2,000 in state taxes from the gross distribution.

Petitioner timely filed his 2016 federal income tax return, and on his return, he reported a taxable retirement distribution from Boeing of $9,000.

On May 13, 2019, respondent issued petitioner a Notice of Deficiency for the 2016 tax year due to omitted retirement income and unreported interest. In his petition, petitioner agreed with the $23 interest income adjustment to his return.

*Opinion*

The Commissioner's determination of a taxpayer's liability in a notice of deficiency normally is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).

Section 61(a) defines gross income as "all



income from whatever source derived." Pension distributions are includable in income specifically pursuant to section 61(a)(11). Generally, distributions from qualified retirement plans are includable in the taxpayer's income in the year of distribution. *See* I.R.C. § 402(a). However, an exception exists if the taxpayer transfers any portion of the proceeds received to another eligible retirement plan or an individual retirement account (IRA) within 60 days of the distribution – in other words makes a qualified "rollover." *See* I.R.C. §§ 402(c), 408(d)(3).

In the case of any designated distribution which is an eligible rollover distribution, the payor is required to withhold 20% of such distribution. *See* I.R.C. § 3405(c)(1). Designated distributions include distributions from employer deferred compensation plans. *See* I.R.C. § 3405(e)(1)(A)(i). An employer deferred compensation plan is defined broadly and includes any pension, annuity, stock bonus plan, or other plan that defers the receipt of compensation. *See* I.R.C. § 3405(e)(5).

Petitioner does not dispute that he elected to receive a gross distribution amount of $45,000 from his employer retirement plan. Petitioner instead avers that he made a qualified rollover of $25,000 of the



distribution amount into another qualified retirement plan or IRA at Cadence Bank during 2016, thus the rollover amount is not taxable. Petitioner further avers that the tax withholdings of $11,000 do not constitute taxable income and therefore his taxable retirement distribution was $9,000—the amount he reported on his tax return. At trial, petitioner also notes how respondent failed to adjust his tax return when it was originally filed, issued him the full amount of his refund claimed, and therefore contends respondent should be precluded from adjusting his return two years after it was filed.

Respondent does not dispute that petitioner made a qualifying rollover of $25,000 during 2016 and does not treat the rollover as taxable in the May 13, 2019, Notice of Deficiency. Respondent argues that the proper amount of petitioner's taxable retirement income distribution is $20,000 which is the full amount of his gross distribution, $45,000, less petitioner's qualified rollover of $25,000. We agree with the argument made by respondent.

Amounts withheld are in fact taxable income to the taxpayer for whom they are withheld. *See Charczuk v. Commissioner,* T.C. Memo. 1983-433, *aff'd*, 771 F.2d 471 (10th Cir. 1985) (citing to *Old Colony Trust Co. v. Commissioner*, 279 U.S. 716 (1929)). We find petitioner's

8

argument that his withholdings are not taxable to be without merit and conclude that the proper amount of petitioner's taxable distribution from his employer retirement plan is $20,000.  Accordingly, we sustain the adjustments made by respondent as found in the Notice of Deficiency issued to petitioner on May 13, 2019.

We have considered all remaining arguments made by petitioner and to the extent they are not addressed herein, we find the arguments to be moot, irrelevant, or without merit.

Consistent with the preceding discussion, decision will be entered for respondent.  This concludes the Court's oral findings of fact and opinion in this case.

(Whereupon, at 10:29 a.m., the above-entitled matter was concluded.)

eScribers

(973) 406-2250 | operations@escribers.net | www.escribers.net

CERTIFICATE OF TRANSCRIBER AND PROOFREADER

CASE NAME:    Douglass W. Pegues v. Commissioner

DOCKET NO.:   15059-19

We, the undersigned, do hereby certify that the foregoing pages, numbers 1 through 9 inclusive, are the true, accurate and complete transcript prepared from the verbal recording made by electronic recording by Adrian Morris on April 6, 2022 before the United States Tax Court at its session in Memphis, TN, in accordance with the applicable provisions of the current verbatim reporting contract of the Court and have verified the accuracy of the transcript by comparing the typewritten transcript against the verbal recording.

_____

Meribeth Ashley, CET-507                    4/20/22

Transcriber                                 Date

_____

Lori Rahtes, CDLT-108                       4/20/22

Proofreader                                 Date